# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40708 (f rev)** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Chad S. MARCOUX** | ) | |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 2** |

On 30 December 2025, this court granted Appellant's motion for leave to file a motion to remand Appellant's case, and ordered the record of trial be returned to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the record; specifically, to account for the missing audio of a part of the open session of Appellant's court-martial, and to account for "any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties."

On 28 January 2026, the record of trial was returned to the court with a certificate of correction signed by the military judge, and with the missing audio file included in the record. The court re-docketed Appellant's case on 3 February 2026.

On 4 February 2026, counsel for Appellant moved this court for leave to file a second Motion to Remand to correct an omission in the record. This motion was accompanied by a Motion to Attach an Appendix consisting of an email chain between the military judge, the installation legal office, and the trial defense counsel discussing corrections to the record in response to this court's 30 December 2025 remand order. Within this attachment, trial defense counsel identified, *inter alia*, missing transcript pages. The Government opposed Appellant's motion to remand stating that "[w]hile the [G]overnment agrees that the verbatim transcript is missing about 5 minutes and 10 seconds of audio, this omission is not a substantial omission warranting a second remand."

On 6 February 2026, the Government submitted a Motion to View Sealed Materials; specifically, "to ensure that the closed audio hearing is complete and functional." Appellant did not submit opposition to the motion. We granted the motion on 20 February 2026, and ordered counsel to view sealed material and the audio file of the closed session not later than 9 March 2026, and to submit any additional findings before issuing our ruling on Appellant's motion to remand and motion to attach.

On 5 March 2026, the Government filed a response to the court's 20 February 2026 order indicating they examined the closed session audio and "determined that the disc containing the closed audio sessions does not work because it does not play any audio," but argues this omission does not warrant a second remand in this case. On 9 March 2026, Appellant filed a response to our 20 February 2026 order in which counsel for Appellant concurred that the disc purporting to contain the audio file of the closed session "does not play audio" and "is not formatted correctly." Appellant maintains his position that this court should remand his case for a second time to correct additional substantial omissions in the record. We agree with Appellant for the following reasons.

This court remanded Appellant's case to not only include missing audio of a part of the open session, but to also account for "any other portion of the record that is determined to be missing or defective thereafter, after consultation with the parties." Prior record being returned to the court, trial defense counsel communicated with the military judge via email (the attachment pending before this court) informing her that there were still discrepancies in the record. One of these discrepancies is missing verbatim transcript pages of audio of a cross-examination of the victim in Appellant's case. The military judge did not resolve this discrepancy.

Upon return of the record, and after further review by appellate counsel, the court confirmed that the closed session disc is not playable to appellate counsel. The disc is in .cda format with which the court and counsel are not familiar. Additionally, while not part of the record, transcript pages uploaded to WebDocs are not in line with the transcript pages in the record, thus causing unnecessary time and manpower to determine what may be missing from the record.

The court has considered Appellant's motion for leave to file a second motion to remand, Appellant's motion to attach, the Government's response, both Appellant and Government responses to the court's 20 February 2026 order, case law, and this court's Rules of Practice and Procedure.

Accordingly, it is by the court on this 17th day of March, 2026,

**ORDERED:**

Appellant's Motion to Attach is **GRANTED**.

Appellant's Motion for Leave to File and Motion for Remand are **GRANTED**.

The record of trial in Appellant's case is **REMANDED** for a second time to the Chief Trial Judge, Air Force Trial Judiciary, for correction under Rule for Courts-Martial (R.C.M.) 1112(d) to submit a playable closed session disc in .mp3 format, and account for the defects identified by the parties and not corrected in response to the 30 December 2025 remand, and *any other portion of*

*the record that is determined to be missing or defective hereafter, after consultation with the parties. See* R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), Uniform Code of Military Justice, 10 U.S.C. § 866(d).

The record of trial will be returned to the court not later than **10 April 2026**. If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than **8 April 2026** of the status of the Government's compliance with this order

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

3